**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAUN MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-03101-JAR |
| | ) | |
| CORIZON HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Shaun Merritt for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## The Complaint

Plaintiff is a convicted state prisoner in the custody of the Missouri Department of Corrections. Though he is proceeding in forma pauperis, he is represented by counsel. He brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff names Corizon Health, Inc., Corizon, LLC, Warden Stanley Payne, Warden Teri Lawson, Warden Dan Redington, Current Warden John Doe, and Dr. Sharmila Suri as defendants. (Docket No. 1 at 1-2). Defendants Payne, Lawson, Redington, Doe, and Suri and sued in their individual capacities. (Docket No. 1 at 3). The substance of plaintiff's complaint is his allegation that defendants have not been giving plaintiff the anti-seizure medication Tegretol, as prescribed by his primary care physician. (Docket No. 1 at 2-3).

Plaintiff states that he was diagnosed with a seizure disorder when he was six years old. (Docket No. 1 at 4). He was prescribed an anti-seizure medication called Tegretol, which was successful in reducing the number of his seizures.

At the age of twenty, plaintiff states that he saw a physician who reported that the medication Keppra seemed to make his seizures worse. By the time he was twenty-one, plaintiff was having seizures two to three times a week, though only at night. When he was twenty-two, plaintiff states that he was seen by Dr. Timothy Lynch at Washington University Adult Epilepsy Center, where it was recorded in his chart that he was taking one Tegretol XR 400 mg capsule twice a day, and one Tegretol 200 mg capsule once a day. On March 22, 2006, plaintiff states that he had a vagal nerve stimulator implanted in him, but the device was not successful in controlling his seizures. (Docket No. 1 at 5).

Plaintiff alleges that defendants, in contravention of his private physician's orders, has "changed the dosage of Plaintiff's prescription Tegretol, and/or changed Plaintiff's prescription from Tegretol to Keppra, and/or changed Plaintiff's prescription from Tegretol to one or more

3

other anti-seizure medications." As a result, plaintiff asserts that he has experienced a dramatically increased number of seizures. Because he is unable to control himself during seizures, plaintiff claims that he has been placed in solitary confinement for almost two years, and was charged with a Class B felony assault on a correctional officer.

In Count I, plaintiff alleges that defendants are liable under 42 U.S.C. § 1983 based on their deliberate indifference to plaintiff's serious medical needs. (Docket No. 1 at 6). Specifically, plaintiff contends that defendants acted with deliberate indifference by failing to provide Tegretol, or to allow plaintiff to obtain it; substituting other drugs for Tegretol, without obtaining plaintiff's consent; substituting other drugs for Tegretol without consulting with plaintiff's private physician; substituting Keppra for Tegretol without reviewing plaintiff's medical records; and failing to give plaintiff the correct dosage of Tegretol. As a consequence, plaintiff states that he has a reduced ability to control his conduct, resulting "in fights, disciplinary action, solitary confinement, additional criminal charges and uncontrolled seizures." (Docket No. 1 at 7). Plaintiff alleges that defendants' acts or omissions constituted "a refusal to provide essential and adequate medical treatment," in violation of the constitution.

In Count II, plaintiff alleges that defendants are liable under 42 U.S.C. § 1983 based on their failure to train or supervise prison personnel to ensure proper medical treatment. (Docket No. 1 at 8). Plaintiff states that Warden Payne, the warden at the Eastern Reception, Diagnostic and Correctional Center, Warden Lawson, the Warden of the Farmington Correctional Center, Warden Redington, the warden of the Northeast Correctional Center, and Warden Doe, the warden of the Potosi Correctional Center, each had the responsibility for training personnel and medical staff working at their respective facilities. (Docket No. 1 at 8-9). Furthermore, plaintiff states that each of the wardens failed to train or supervise personnel within their respective facilities to ensure that

plaintiff had access to competent health professionals and the necessary medications to treat his seizure disorder.

Plaintiff is seeking compensatory damages, attorneys' fees, and costs and expenses. (Docket No. 1 at 8, 10).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights by failing to provide him with the anti-seizure medication Tegretol, or by failing to provide him Tegretol in the proper dosage. For the reasons discussed below, the complaint is subject to dismissal. However, plaintiff will be allowed to amend his complaint according to the instructions set forth herein.

### A. Deficiencies in Complaint

Plaintiff's complaint contains several deficiencies that make it subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). First, plaintiff has failed to state a claim against Corizon. The only allegation made against Corizon is that it "is liable for the acts of its agents and employees under the doctrine of respondeat superior." (Docket No. 1 at 2). However, "[a] corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff has provided no such facts.

Second, Dr. Suri is only mentioned twice: once in the caption, and once in the complaint, where Dr. Suri is listed as a defendant and an employee of Corizon. Aside from the fact of employment, there are no allegations of wrongdoing. Simply placing a defendant's name in the

caption and listing them as a defendant is not enough to assert their responsibility. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

Third, the deliberate indifference claims against the wardens do not demonstrate their personal responsibility. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Here, plaintiff has not presented facts showing a causal link between the actions of each warden, and the deprivation of plaintiff's constitutional rights. To that end, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

Finally, plaintiff's failure to train and/or supervise claims are all conclusory. The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of his constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118,

6

1122 (8th Cir. 2005). *See also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts"). Plaintiff must also show that the failure to train or supervise actually caused the injury. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011). Here, plaintiff merely states a cause of action, without presenting factual support. Such support is required to state a claim, especially in light of the fact that the wardens are not alleged to be medical professionals, and that plaintiff has claimed that it was Corizon's duty to provide medical services to inmates.

### B. Amendment Instructions

As stated above, plaintiff's complaint is deficient and subject to dismissal. However, the Court will give plaintiff the opportunity to file an amended complaint. To avoid dismissal, plaintiff is required to allege facts demonstrating the personal responsibility of each defendant for harming him. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a

complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within **thirty (30) days** of the date of this order in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

8

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 15th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE